for the next case on the calendar, McCray. Good morning, Your Honors. May it please the Court, Kevin King, Court-Appointed Amicus for Appellant Lionel McCray. I'd like to focus on Mr. McCray's deprivation of exercise claim, which is one of the two claims on which this Court requested briefing. And in particular, I'd like to focus on the early stage of this litigation. We're here on a motion to dismiss, which means that all well-pleaded factual allegations of the complaint must be taken as true, and all reasonable inferences must be drawn in the plaintiff's favor. That simple, straightforward rule resolves and disposes of quite a few, perhaps even all of the defendant's arguments for dismissal here, where the defendants are seeking to have inferences drawn in their favor or are simply challenging the accuracy of the allegations. That's not something you can do on a motion to dismiss. It is, however, something that you can do on summary judgment. Here, we haven't had discovery. We haven't had summary judgment. To start with the objective prong of the Eighth Amendment analysis, this Court recognized 35 years ago in Anderson that the Eighth Amendment protects the right of inmates to exercise. And the allegation here is that Mr. McCray was deprived entirely of that right for a four-month period. In other words, he was unable to exercise at all at Greenhaven because all but one of the exercise yards were closed. I think it's really two months, right? I mean, I know these were supplied, I guess, on appeal, but it appears that he was in this lockdown period that winter for two 30-day intervals, right? So the other points in the winter where the yards were icy, he could have had indoor exercise. It's really two months that you're saying he could have neither, right? I don't agree with that, Your Honor. I think the complaint is ambiguous at best about when exactly he was subject to all this, but what he says, I believe it's on page, let's see here, on page 89 in paragraph 11, he says, for four months he was unable to exercise. It's true, he says, at the top of the preceding page, A88, that the problem was particularly severe for inmates who were in keep lock, and the defendants have asserted on appeal, although it's not in the district court record, so I don't know how it could have been a basis to dismiss, that he was in keep lock for either 30 or 60 days. But I don't read the allegation if you go down to the next paragraph on A88 and then to A89, he says he was exposed to these dangerous winter conditions for four months. So that's just talking about the yard. Four months refers to the yard had ice for four months. It doesn't say I couldn't exercise indoors for four months. But I understand what you're saying, and they did have those records on appeal, which is not the way it works. Let me speak to the indoor gymnasium briefly. On A88, in the first full paragraph, I believe, what he says there is that access to the indoor gymnasium was restricted to special call outs for special events only, and if you're reading the complaint liberally, this is a pro se complaint, and you're drawing all inferences in the plaintiff's favor, I think what you have to conclude there is it wasn't available to him. He alleges that he was deprived of all exercise. He alleges that access was restricted. A reasonable inference from those two things is the gymnasium was not available to him regardless of whether or not he was on keep lock. It's infrequent, though, that courts find a slip and fall without more can form the basis for an Eighth Amendment claim. What do you think distinguishes your client's case from the standard slip and fall? Two responses to that, Chief Judge. First, I don't have a client here. I'm appointed by you, so you essentially are my client. I'm amicus. But second, going to the merits of that, there are two claims in this case. There's a slip and fall claim and a deprivation of exercise claim. What I've been discussing thus far has been about the latter. Your question, I take it, goes to the former. The slip and fall claim here is quite weak. It's thin. We gave, in our brief, what we think is the best available argument in support of that claim, that it would meet this exceptional circumstances test. But I think, frankly, it's a very tough road for the appellant on that issue. I think it's a different analysis for the deprivation of exercise claim. There are some circuit court cases. Seventh Circuit has some cases that's four weeks with no exercise, especially if you put yourself in a position because you did something wrong, is not an Eighth Amendment violation. There's another one in Pearson. They were cited in the papers where they said a 90-day period of no exercise in the yard is not. So where would the line be then? You're saying essentially four months, right? I'm not saying the line is four months and above that is an Eighth Amendment deprivation and below that is not. I think courts have looked to four factors or several factors, maybe five factors. If you look at the Williams case on page 18, footnote 10 of my brief, you'll see what those factors are. They're things like the duration of the deprivation, the extent of the deprivation, the justification, things like that. And so that's the kind of argument that I think could prevail for the state on a summary judgment. But I don't see how on a motion to dismiss, you could say, well, four months is, you know, it's so short, right? This court has said in Anderson and other cases, there needs to be a regular opportunity for exercise. Here the allegation is, just as in the Paul case cited on page 12 of my brief, where there was no winter attire, so they were allowed out to exercise, but really they couldn't do it. And Chief Judge Kasman, you were on the panel for that case. You know, the opportunity to exercise in name only is not enough. And that's the allegation here. So, again, I don't see a way how that claim could be dismissed. You define, as I understand it, with respect to qualified immunity, the standard to be the right to safe living conditions. That would be the right with respect to the slip and fall claim. But the clearly established right is different with respect to the deprivation of exercise claim. On that one, this court said in Anderson and then held in Paul, that the right of an inmate to regular exercise has been clearly established, at least as of 1985. And Williams. Williams too, right? Yeah, Williams as well. There's a deep bench of precedent in this court. If there's regular exercise indoors, does that count? Absolutely. Prisons get significant deference, significant deference, in the type of exercise, when it's provided, how much, all of these things. But the one thing they can't do, the one thing that it's alleged that they've done here, which is provide an opportunity to exercise in name only, but without substance. So that's the clearly established. We point out on page 20 of our brief, you know, the three facts that go to the subjective prong of the Eighth Amendment analysis. Just a few cleanup points. I see that I'm over my time significantly here. The defendants assert in their final brief, in response to my brief, that the defendant I'm sorry, the plaintiff did not request damages against the defendants in their individual capacities with regard to the deprivation of exercise claim. That's not true. If you look at page A99 of the appendix, you'll see the complaint asserts a claim for compensatory damages in specific dollar amounts with regard to each defendant and does not differentiate as between the two claims. However, we do agree or I do agree with the defendants that injunctive relief is improper here. Mr. McCrae is no longer at Greenhaven. There's no sign that he'll return to Greenhaven, and therefore, he lacks standing to request any relief with respect to Greenhaven unless there are further questions. Thank you. Good morning, I'm David Lawrence, the third assistant solicitor general appearing on behalf of the appellees. The district court correctly dismissed the Second Amendment complaint for failure to state a claim. I'll first address the plaintiff's claim that he was deprived of an adequate opportunity for exercise due to snow and ice accumulating in the recreation yard. The defendant's conduct here was entirely consistent with this Court's precedence, including Anderson v. Coughlin, where inmates in disciplinary confinement, such as the plaintiff here, are entitled to one hour daily of outdoor exercise. As district court recognized, if the ground outside was slippery because of snow or ice, that is a condition that is faced by the general public. You picture a member of the public on a winter day, they have to go to work, they have to take their kids to school, they have to face the hazards of being outdoors as it is in a northern climate with ice and snow. So the posture here is a motion to dismiss, correct? Yes, Your Honor. So, you know, why isn't what McCrae alleges sufficient at the motion to dismiss stage to proceed further? For several reasons, Your Honor. One is that the plaintiff's complaint cannot be reasonably read to allege a complete deprivation of exercise over a period of several months. You look at the affidavit that's attached to the second medical complaint, it's at page 103 of the appendix, paragraph 4. He says this is another inmate who saw Mr. McCrae in the fall. He says that he stayed with inmate McCrae until he said he was fine. And then I went about my exercise. So apparently this other inmate was able to exercise on that day, even though, as the amicus brief states, there had recently been a major snowstorm and this was one of the most snowy February's on record. So even in that... It doesn't really come down to this issue of the indoor exercise because obviously he doesn't have necessarily a right to outdoor exercise. But if for whatever reason, snow or other reason, he can't have outdoor exercise, wouldn't he be entitled to some type of exercise, whether it be indoor or outdoor? It's not entitled to indoor. There's no case law establishing right to indoor exercise. And especially when an inmate is in disciplinary confinement, they don't have a right under the procedures to indoor exercise. But the plaintiff... Not only do they have a right to indoor, they're entitled to exercise, right? It's a right to exercise, a right to... Under Anderson, it's a right to one hour daily of outdoor exercise. The plaintiff... If there's no outdoor exercise, then they still have a right to exercise, right? You're saying if you're in an area where for whatever reason there's no outdoor exercise because of snow or other reason, they lose all their constitutional rights to exercise? No, Your Honor. What Anderson says is if there's an occasional day when you can't exercise outdoors because of the weather, that's not an Eighth Amendment violation. Again, just going back to Chief Judge Katzman's, this is a motion to dismiss and there's at least an inference that that was not temporary one or two days, that it was the whole winter, that he couldn't go outside because it was too icy and cold because it was a record year and that he was not allowed indoor exercise. So then it would be, for him, there'd be zero exercise for potentially, you know, up to four months. I don't believe that the plaintiff's complaints can be read consistent to say that there was no exercise at all for four months. Which part of the complaint did he say, I went to indoor exercise or outdoor exercise during the winter? I don't think there's any where he conceded that he had access. Well, Your Honor, he said that he was out in the exercise yard during his recreation period, so apparently he had the other. He couldn't use it, right? He was out there, but couldn't use it. The other inmate who was with him was able to use it. It doesn't seem that was a barrier to him. The plaintiff concedes that about a quarter of the yard was not covered in ice and snow. This shows that the defendants made an effort, as the plaintiff conceded in his initial complaint, in his First Amendment complaint. That part, too, but it said it was waist-deep and three-quarters of it. That didn't mean that the other quarter was absolutely fine. He was describing three-quarters of it being waist-deep. I'm not arguing that, Your Honor. What I'm arguing is that efforts were made by the prison officials to deal with the situation by hiring the inmate porters, as the plaintiff conceded in his original and his First Amendment complaint, and they were able to do some clearing. And the fact that there was snow and ice in the yard is simply a condition of being in a northern climate in the winter. Furthermore, there is apparently no case holding that allowing ice and snow to accumulate outdoors at a prison recreation yard violates an inmate's right to exercise, particularly in light of the abundant case law showing that a separate service at a prison, whether outdoors or indoors, does not violate an inmate's Eighth Amendment rights, the defendants here would have reasonably believed that they were complying with their constitutional obligations by hiring the inmate porters to clear the ice and snow and that there was not more that needed to be done. Is that in the Second Amendment complaint about the porters?  No, Your Honor. But under the case law that we cite, the fact that a later complaint makes an allegation or omits an allegation that's — that is in an earlier — is in an earlier complaint, the admission in the earlier complaint, it stands. It's — it's not conclusive, but it's a factor that a court can consider, and it's not entitled to — the court is now required to — It makes it evidence that it could be considered if there were a trial or a hearing. But does it mean it's imported into the second complaint? Yes, Your Honor, because on a motion dismissed, the court has to consider what it is required to consider as true and what it is not required to consider as true. The court is not required to consider as true allegations that are inconsistent with an admission that was made in an earlier complaint. My — the amicus counsel concedes that the plaintiff's slip-and-fall claim in this case is weak, as with the deprivation of exercise claim. We would at the very least be entitled to qualify immunity on that claim because of the abundant case law showing that there's no Eighth Amendment violation caused by a slippery prison surface. As to whether the plaintiff seeks damages on his deprivation of exercise claim, the district court in the final footnote of its decision dismissing the second complaint, it construed the complaint to not seek damages on that claim. That seems to be reinforced by the plaintiff's pro se appeal brief here and by his motion in this Court for contempt, his motion for sequestration, all which seek only injunctive relief as to the alleged deprivation of exercise. And the plaintiff, of course, cannot obtain such injunctive relief for, among other reasons, that he lacked standing because he was no longer at Greenhaven at the time that he filed this complaint. I see that I'm over my time. I will ask the Court to affirm the judgment below. Thank you. Roberts. Thank you. Your Honors, just two points on rebuttal. First, let me start with the inmate porters. It's true, Judge Kearse, that I think those allegations are not brought back into the Second Amendment complaint, but I think actually on further thought, the point is academic, because if you look at the two allegations of the prior complaints, they admit nothing. The first one that's cited by the defendants says the work done by the inmate porters, if any, was done at all, or something to that effect. The second says that the inmate porters, to the extent they were doing any work in the yard, they left significant snow and ice in the walkways. And the very next paragraph on that page that's cited by the defendants says no snow and ice removal. So read in context, the prior allegations are not admissions. They do not undermine the current claims. So I think that resolves the inmate porters. Finally, counsel for defendants said that, you know, any claim based on a slippery surface would fail, and frankly, I would agree, but that's not the claim here. Again, the claim here is a complete deprivation of the right to exercise. That right has to occur somewhere, indoors, outdoors, wherever. And so the allegation on the first issue is not about a slippery surface. If it was, that claim would fail. So for these reasons, I would urge the court to reverse and remand with respect to the deprivation of exercise issue, and frankly, to affirm with respect to everything else. Thank you, your honors. Thank you both, and we appreciate the amicus. Thank you. The court will reserve decision. The final case on the day calendar, Gottlieb versus Tyler, is on submission. The clerk will adjourn court.